11, 721-19

To: Ms. Betty Herriage
Henderson County District Clerk
100 E. Tyler, St. Rm 203
Athens Texas 75751

RE: Exparte Willie Darnell Beasley, TR. Ct. No. A-9192I, WR-11,721-19

Dear Clerk:

Please find enclosed for filing applicant's amended writ of habeas corpus based upon improper enhancement paragraphs and applicant's claim of actual innocence of the crime. The same has been served on the clerk of the court of criminal appeals and please present to the courts and District Attorney's office a copy of the writ, the memorandum of law and support with the exhibits attached hereto. And a copy again is being forward to Mr. Abel Acosta, and also a copy is being served to the District Attorney's office in Henderson County

Sincerely

Willie D Beasley
Willie D Beasley
870844 (M.W. Michael)
2664 F.M 2054
Tenn. Colony, TX. 75886

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2015

Abel Acosta, Clerk

To: Mr. Abel Acosta
Clerk Court of Criminal Appeals of Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711

RE: Exparte Willie Donnell Beasley, Tr. Ct. NO. A-9192T WR-11,
721-19

Dear Clerk

Please find enclosed for filing applicant's amended writ of Habeas
corpus based upon improper enhancement paragraphs and applicant's
claim of actual innocence of the crime. The same has been served on
the clerk of the court of criminal appeals and please present to the
courts and district Attorney's office a copy of the writ, the memo-
randum of law and support with the exhibits attached hereto. And a
copy again is being forward to Ms. Betty Herriage, and also a copy
is being served to the District Attorney's office in Henderson
County.

                                    Sincerely
                                    Willie D. Beasley
                                    Willie D. Beasley
                                    870844 M. W. Michael
                                    2664 FM 2054
                                    Tennessee Colony, TX. 75886

RECEIVED IN
COURT OF CRIMINAL APPEALS
Abel Acosta, Clerk

Case No. _____

(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: ___WILLIE D. BEASLEY_____

DATE OF BIRTH: ___july 29th 1961_____

PLACE OF CONFINEMENT: ___T.D.C.J.'S MARK MICHAEL UNIT___

TDCJ-CID NUMBER: 870844_____ SID NUMBER: _____

(1)     This application concerns (check all that apply):

☒ a conviction / Actual ☐ parole
   Innocence of Crime

☒ a sentence Illegal ☐ mandatory supervision
   IMPROPER ENHANCEMENT
   Paragraph
☐ time credit ☐ out-of-time appeal or petition for
   discretionary review

(2)     What district court entered the judgment of the conviction you want relief from?
        (Include the court number and county.)

   173RD JUDICIAL DISTRICT COURT / HENDERSON COUNTY

(3)     What was the case number in the trial court?

   A-9192-J

(4)     What was the name of the trial judge?

   HONORABLE JACK H. HOLLAND

Effective: January 1, 2014                    1

Rev. 01/14/14

(5)   Were you represented by counsel? If yes, provide the attorney's name:

TERESA   A.   DRUM

(6)   What was the date that the judgment was entered?

APRIL 08th  1999        FOUND  GUILTY

(7)   For what offense were you convicted and what was the sentence?

Aggravated   Robbery / Habitual

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N.A

N.A.

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N.A.

N.A.

(10)  What kind of trial did you have?

☐ no jury                  ☐ jury for guilt and punishment
                           ☒ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11)   Did you testify at trial?  If yes, at what phase of the trial did you testify?

_____ NO _____

(12)   Did you appeal from the judgment of conviction?

X☒ yes                          ☐ no

If you did appeal, answer the following questions:

(A)   What court of appeals did you appeal to?  TWELFTH   DISTRICT of APPEAL.

(B)   What was the case number?          11.721-14

(C)   Were you represented by counsel on appeal? If yes, provide the attorney's name:

   Mr. Scott Williams

(D)   What was the decision and the date of the decision?   AFFIRMED / 1-30-2000

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

X☒ yes                          ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number?    UNKNOWN

(B)   What was the decision and the date of the decision?  REFUSED   07/26/2000

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

X☒ yes                          ☐ no

If you answered yes, answer the following questions:

(A)   What was the Court of Criminal Appeals' writ number?  UNKNOWN

3

Rev. 01/14/14

(B) What was the decision and the date of the decision?    UNKNOWN

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

The previous application: AND WAS NOT ASCERTAINABLE THROUGH THE EXERCISE OF REASONABLE DILIGENCE ON OR BEFORE THAT DATE AND COULD NOT HAVE BEEN

REASONABLY FORMULATED FROM A FINAL DECISION.

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

N.A.

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☒ no

If you answered yes, answer the following questions:

(A) What date did you present the claim?    N.A.

(B) Did you receive a decision and, if yes, what was the date of the decision?

N.A.

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

_____

_____

_____

_____

_____

(17)    Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

## GROUND ONE:

THIS IS A SUBSEQUENT WRIT APPLICATION HOWEVER APPLICANT IS

CHALLENGING THE IMPROPER / ILLEGAL ENHANCEMENT PARAGRAPH.

## FACTS SUPPORTING GROUND ONE:

The Subsequent Application provision abuse of the Writ Doctrine used in Federal Practice which limits an inmate to ONE APPLICATION for Writ of Habeas Corpus except in exceptional circumstances specifically the subsequent-Application provision in Article 11.07 and 11.071 were enacted in response to SCHLUP Vs. DELO. 513 U.S. 298. 115 S. Ct. 851. 130 L. Ed. 2d. 808. In SCHLUP. the United States Supreme Court ruled that the FEDERAL HABEAS CORPUS Petitioner must show that a constitutional violation " MORE THAN LIKELY THAN NOT" resulted in the conviction of an innocent person id. at 327. U.S. 851. This was an adoption of the CARRIER. See: MURRAY Vs. CARRIER. 477 U.S. 478. 496. 106 S. Ct. 2639 91 L. ED 2d. 397 (1986) The CARRIER Standard requires the Habeas Petitioner to show that " a CONSTITUTIONAL VIOLATION" has probably resulted in the conviction of one who is actually innocent." To establish the Requisite probability the Petitioner must show that it is more likely than not that no reasonable Juror would have convicted him in light of the new evidence... SCHLUP. 513 U.S. at 327. 115 S. Ct. 851. Standard the more stringent.

'SAWYER. SAWYER VS. WHITLEY, 505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d. 2691 (1992) holding that a Habeas Petitioner must show by clear and convincing evidence that but for a Constitutional error no reasonable JUROR would have found the Petitioner eligible for death penalty. Standard was rejected and the Court reasoned that in a case in which the Petitioner claims that a Constitutional error resulted in the conviction of one who is actually innocent of the crime. The CARRIER Standard strikes the balance between the societal interest of finality and the individual interest in Justice.

SCHLUP, 513 U.S. at 324, 115 S. Ct. 851. The Court discussed the need for an exception to adequately protect against the kind of miscarrage of Justice that would result from the execution of a person who is not guilty, who is actually innocent. The reasoning can equally be applied to both article 11.07, Section 4(a) and (2) and 11.071 Section 5 (a) (2). A credible claim of actual innocense to bring the Petitioner within the "NARROW CLASS of CASE", implicating a fundemental miscarriage of Justice. 115 S. Ct. 851. In other words, Showing actual innocense by a preponderence of the evidence is a gateway through which a Habeas Petitioner must pass in order to have an otherwise barred Constitutional

6

Rev. 01/14/14

claim considered on the merits citing **HERRERA VS. COLLINS, 506** U.S. at 404, 113 S. Ct. 853.

The current claims and issues have not been and could not have been presented previously in an original Application or/IN A PREVIOUSLY considered Application filed back in 2000 under this article because the factual or Legal basis for the claims was un-AVAILABLE On the date the Applicant filed the previous Application and was not ascertainable through the exercise of reasonable diligence on or before that date, and could not have been reasonably formulated from a FINAL decision.

7

Rev. 01/14/14

**GROUND TWO:**

**IMPROPER / ILLEGAL SENTENCE   WITH TWO ENHANCEMENT PARAGRAPHS**

**FACTS SUPPORTING GROUND TWO:** Applicant was charged with the Felony

offense of Aggravated Robbery/Habitual.  The indictment (A-9192-J)

contains TWO ENHANCEMENT Paragraphs, See the indictment-Exhibit.

A attached hereto which alleged two enhancement paragraphs show-

ing the burglary of a building, Cause no: A-4667 and Robbery.

Cause no: A-6883, On March 08th. 1999.  Applicant plead NOT

guilty to the offense of Aggravated Robbery and after being

found guilty of the primary offense, Applicant choose to be

sentenced by the Trial Judge of the 173rd Judicial District

of Henderson County and plead not guilty to the first enhancement

paragraph and True to the second enhancement paragraph based upon  r

erroneous advice from Counsel, during the penalty phase of the

trial.

The Trial Court Judge did take into consideration
the prior convictions.  That he was mislead by the State

prosecutor into believing that the two priors enhancement

paragraphs was in fact final convictions, and the State

Prosecutor knew that the prior enhancements were not final

convictions and were un-available for enhancement purposes.

See:  **EXHIBIT (a) - INDICTMENT, EXHIBIT (B) - JUDGEMENT** and

sentencing.because after being mislead, by the State Prosecutor,

and not knowing it, the record will affirmatively reflect that
the Judge did take into consideration the enhancement paragraphs
when he pronounced and sentenced Applicant to 40 years in the

8

Rev. 01/14/14

Texas department of Criminal Corrections division, based upon information put before him by the State Prosecutor and the defense Attorney should have objected to the improper and illegal enhancement. Also, See: a letter from the Henderson County District Clerk, ( **Exhibit (c)... showing NO MANDATE** in either case. See: EXHIBIT (c) attached hereto.

See Page 5 and Page 6 of the memorandum of the Law attached hereto.

Rev. 01/14/14

## GROUND THREE:

INEFFECTIVE ASSISTANCE OF COUNSEL / THE PENALTY PHASE

## FACTS SUPPORTING GROUND THREE:

APPLICANT CONTENDS THAT HE WAS SUBJECT TO INEFFECTIVE ASSISTANCE of Counsel during the penalty phase due to Defense Counsel's

failure to investigate the Prior Conviction and the enhancement Paragraphs used for enhancement purposes.

Defense Counsel failed to file a motion with the Trial Court to dismiss the improper enhancement paragraphs when in fact, saiid paragraph was unavailable and were Not final convictions.

and could not be used for enhancement purposes, but, the Defense Counsel T. Drum, investigated the priors, she would have known about the improper enhancements and she would have

filed a motion to dismiss the indictment, due to the fact that the two enhancement paragraphs were unavailable and the indictment is defective because its missing eddential elements

of the Primary Offense, concerning in the manner of its use or it;s intended use, and it's capability of causing serious bodily injury or possibly even death. The defense Counsel

sat there and allowed the State Prosecutor to mis-lead the Trial Court Judge into believing what she was putting before him concerning the priors, were FINAL CONVICTIONS,

See: GROUND NO: **3, Page 8 and** 9 of Applicant's memorandum attached hereto.

10

Rev. 01/14/14

11

## GROUND FOUR:

### INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE GUILT and INNOCENSE PHASE OF THE TRIAL

## FACTS SUPPORTING GROUND FOUR:

Applicant contends that he received Ineffective Assistance of Counsel during the Guilt/Innocense Phase of the Trial. Applicant asserts that a missing material witness for the defense was not allowed to testify and that this witness had favorable evidence through testimony, that could have cleared Applicant of the alleged offense of Aggravated Robbery, prior to Trial, Applicant had informed defense Counsel Ms. T. Drum, that he had an alibi witness, to substantiate his location at the time of the alledged crime or offense. Trial Counsel failed to interview the alibi witness, who put the Applicant in another location at the time of the offense (**ie. 38.4 miles away**).

Applicant did inform Counsel, Ms. Drum, with the names of the material witnesses for the defense (ie.. TRACY SOWELL'S) and after Ms. Drum had the Court's clerk to issue a subpena for Mr. SOWELL'S, and after Ms. Drum asked that Mr. Sowell's be in Court MARCH 09th, 1999, She, Ms. Drum. phoned Mr. Sowell'sand told him that she would not be needing him. Ms. Drum also had Applicant's brother, Thomas G. Spencer, and a Friend Mr. Tom Perdue, to come to Court to offer testimony, but prohibited them to testify for the Applicant. Failure by Defense Counsel to produce those alibi witnesses under the fact and circumstances, constitutes ineffective

12

Assistance of counsel.  Defense Counsel also abandoned Applicant only defense which was prejudice.  Applicant also made known the location of TWO other witnesses that could have further testified that the alledged victim had accused them of taking property from her.  Failure to contact and interview any and all possible leads, render Counsel ineffective.  Both Mr. Sowell's and Mr. Spencer was willing and ready to testify for the Applicant, due to Counsel's un-professional error, they were not able to testify and had they been, there would have been a different outcome at the end of the Trial.

SEE GROUND OF ERROR(#4) Page 10-12 of the memorandum.

13

Rev. 01/14/14

**GROUND:** FIVE

INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO CONFLICT OF INTEREST

**FACTS SUPPORTING GROUND:**

Applicant contends that there was a conflict of interest, between himself, and Court Appointed Attorney, Ms. T.A. Drum, who represented Applicant at his Trial. Aside from the fact there existed a very close friendship between Ms. Drum and the Assistant D.A. Ms. SHARI MOORE. Ms. Drum was also employed by Henderson County as a CITY Prosecutor of Gun Barrell City, Texas. The Trial Court erred in its decision not to investigate applicant's claim of conflict of interest as well as defense counsels request to withdraw from the case citing a possible conflict of interest. The Trial Court Judge totally disregarded Applicant's claim, as well as his Attorney's claim and such conflict had adverse effect on Counsel's representation.

Applicant further states that the possible conflict of interest did become a complete conflict when defense counsel Drum had to choose between actually protecting Applicant's rights, Trial By Judge, ( a Jury not tampered with), and reporting a fellow officer of the Court's and of the State, Detective Kay Langford for possible Jury tampering. Applicant would like to re-direct the Courts attention to the following: Applicant did file an affidavit of Jury mis-conduct with the Trial Court's on March 10th, 1999.

SEE: **EXHIBIT (D)** attached hereto and part of the record on

14

at the Clerk's Office. The Trial Court Judge received said affidavit and sent a copy of the same to Applicant's Trial Attorney. See: **EXHIBIT (E)** attached hereto and is also a part of the Court Records.

A Reading of **EXHIBIT (D)** clearly demonstrates that Ms. Drum knew of the Jury tampering prior to trial and prior to applicant filing this affidavit and she failed to report it to the Court's where it could have been properly addressed and investigated by the Trial Court. Ms. Drum should have moved for an in camera hearing to voir doir Ms. P. Hamlet, the Court should have initiated an in quiry if it knew or reasonably should have known that a potential conflict did in fact exist.

15

Rev. 01/14/14

**GROUND:** No: 6

JUROR MIS-CONDUCT ( UN-APPROVED JURY COMMUNICATION

Applicant contends that on MARCH 09th, 1999, Applicant made

**FACTS SUPPORTING GROUND:**

known to his Trial Attorney, Ms. T.A. Drum, that one of the

State investigators. ( ie. KAY LANGFORD) who is involved in

the investigation of Applicant's case, was observed before ⁵ʲ

starting of voir doir, talking to one of the potential jurors

and applicant did point to the investigator and Ms. Drum. and

her sister, who was at the defense counsel table ..seen Ms.

Langford as she was talking with the individual that was

identified as JUROR No: 6. a Ms. Paula HAMLET.

See: **EXHIBIT (D)** Applicant's affidavit and affidavit of TOM
Perdue and Melissa A. Beasley. In which they also witnessed De

Detective Kay LAngford fleeing from the Courtroom with a

manilla folder clinging to her chest.. See **EXHIBIT F.G,I)**
Applicant's Attorney, Ms. Drum, failed to report the

un-authorized juror communication had taken place.
Ms. Hamlet and State Investigator, Kay Langford. were observed

having this conversation with one another in the Jury panel box

This was before Jury selection started. Ms. Hamlet was one of

the twelve Juror members that was chosen for Jury seating in

applican't's case. As a result. of the defense attorney

Ms. Drum neglecting her duties, an affidavit was filed on MARCH

10th, 1999, by Applicant. See: **EXHIBIT ꟷ (D)** Please note

Rev. 01/14/14

that the Trial Court Judge, (ie:  HONORABLE JACK H. HOLLAND,) acknowledaed receiving Applican'ts affidavit, See **EXIBIT (E)** a Letter from Judge Holland.  However, the issue of Jury mis-conduct has never been investigated by the Trial officials or defense Attorney's and such should have been inquired into to determine the impact and to find out what the investigator may have exposed to the Jury or panel.

:]

Rev. 01/14/14

**GROUND:** No: 7

NO EVIDENCE TO SUPPORT THE CONVICTION LEGALLY

INSUFFICIENCY OF EVIDENCE

## FACTS SUPPORTING GROUND:

Applicant contends that there was no evidence to support his conviction and applicant further argues that he was convicted not because of conclusive evidence that shows he was guilty of aggravated Robbery, but, was based upon TWO prior convictions that were not final convictions in Applicant's past.

Applicant further argues that the mis-identification was not raised at trial because the alleged victim identification of applicant was so far out of focus that the Trial Court Judge had to question the testimony of the alleged victim, (Credibility) when the victim was asked if she could identify the perpetrator of this alleged crime. A Spectator in the very back of the Court room shouted .. QUOTE: "THATS WILLIE BEASLEY!!" Un-quote. The Alleged victim could not describe for the trial Court Judge what the Applicant was wearing abd defense Counsel failed to move to correct testimony, when she knew that was false and mis-leading.

When questioned about what had taken place on NOVEMBER 19th, 1998, the alleged victim started to testify as to someone in a field with a pick-up truck and the victim displayed problems of remembering anything. She spoke about someone trying to " WHO-DO-HER".. and that someone had come and taken matteress's from her residence. Applicant would like to further point out that the States chief witness in this case, a Mr. Eddie Pace,

Rev. 01/14/14

was the one who found the victim's alleged wallet. The same State's witness that applicant had told Ms. T A. Drum, that t this man was a wanted fugitive out of SMITH COUNTY. Trial Counsel failed to investigate impeachable evidence, for attacking the credibility of the State's witness. She, Ms. Drum had a duty to investigate leads, affecting the credibility of witnesses which should serve to boost her client's credibility and undermine the State's credibility,

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Willie D. Beasley_, am the applicant / petitioner (circle one) and being presently incarcerated in _M.W. Michael_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _8/02_, 20 _15_.

_Willie W. Beasley_
Signature of Applicant / Petitioner (circle one)

17

**PETITIONER'S INFORMATION**

Petitioner's printed name: *Willis D. Beasley*

Address: *2664 F.M. 2054*

*Tenn Colony, TX. 75886*

*M.W. Michael Unit*

Telephone: _____

Fax: _____

Signed on *8/02/*, 20 *15*.

*Willie W. Beasley*
Signature of Petitioner

18

Rev. 01/14/14

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AT AUSTIN


NUMBER: A- 9192-J

WR- 11, 721-19

EX PARTE WILLIE DONNELL BEASLEY


ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO: A- 9192-J: IN THE 173rd JUDICIAL
DISTRICT COURT OF HENDERSON COUNTY, TEXAS.



APPLICANTS AMENDED MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR WRIT
OF HABEAS CORPUS

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AT AUSTIN, TEXAS


NUMBER: 11,721-19


ExParte  WILLIE DONNELL BEASLEY  §  IN the 173rd District Court

§

§  OF

§  HENDERSON COUNTY, TEXAS

*·*****************************************************·*******

ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO:  A-9192-J, IN THE 173rd DISTRICT COURT

OF HENDERSON COUNTY, TEXAS.

***********************************************·*************

APPLICANT'S MEMORANDUM OF LAW IN SUPPORT OF

APPLICATION FOR WRIT OF HABEAS CORPUS.

***************************************·********************

TO THE HONORABLE JUDGE (s) of SAID COURT:

NOW, COMES WILLIE DONNELL BEASLEY, APPLICANT PRO-SE,
in this Cause, No:  A-9192-J, and files this APPLICANT'S
MEMORANDUM of LAW, in support of APPLICATION for Writ of HABEAS
CORPUS, and would show unto this Court as follows:


I.


SPECIAL STATEMENT TO THE COURT


Applicant is proceeding Pro-Se in this Cause without the
Assistance of Professional Counsel, due to his indigency.
Accordingly, Applicants involks the Standard of Review as is
established by the united States Supreme Court in HINES VS.
KERNER, 404 U.S. 519, 92 S. Ct. 594, (1972), Where in the
Court, asserted that " PLEADINGS OF PRO-SE Litigants are to
be construed liberally and held to less stringent standards
than FORMAL Pleadings drafted by Professional Lawyers".


-1-

## II.

## STATEMENT OF THE CASE

Applicant was indicted for the Offense of **AGGRAVATED ROBBERY/ Habitual Offender,** by a Henderson County Grand Jury on__DECEMBER__ 18th, 1998.

A HendersonmCounty Jury Convicted this Applicant of AGGRAVATED ROBBERY as was charged in the Indictment. The Jury found Applicant guilty of the allegedd Offense. Applicant chose to have the Trial Court Judge senbence Applicant to (40) FORTY YEARS confinement in the Texas Department of Criminal Justice- Institutional Division.

Applicant appealed his conviction and the (12th) TWELFTH COURT of APPEALS affirmed the Conviction on JANUARY 31st, 2000.

A Pro-Se Petition for Discretionary Review was refused by the Court of Criminal Appeals on JULY 26th, 2000.

Applicant filed his first Writ of Habeas Corpus 11.07, on SEPTEMBER 05th, 2000. The Trial Court found there are no controverted previously unresolved facts material to the Applicant's Confinement. " The COURT of CRIMINAL APPEALS denied the same without written order."

### GROUND OF ERROR NO: I

**THIS IS A SUBSEQUENT WRIT OF APPLICATION -**

**APPLICANT IS CHALLENGING THE IMPROPER ENHANCEMENT**

**PARAGRAPH - ACTUAL INNOCENCE OF THE CRIME.**

**********************************************************

-2-

GROUND OF ERROR NO:  1

ARGUMENT  and AUTHORITIES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.)   The current claims and issues have not been and could not have been presented previously in an original APPLICATION filed under thisa rticle because the factual / or Legal Basis for the claim was un-available on the date that Applicant filed the previous Application. and (2)... By a preponderence of the evidence, but for a Violation of the United states Constitution, No rational Juror could have found that Applicant was Guilty beyond a reasonable doubt.

The Subsequent Application provision adopted the "ABUSE of the Writ Doctrine used in state and Federal Practice which limits to ONE (1) Application writ of Habeas Corpus except in exceptional circumstances specifically.

The subsequent Application in 11.07, and 11.071, were enacted in response to **SCHLUP Vs. DELO,** 513 U.S. 298, 115 S. Ct. 851. 130 L. Ed. 2d. 808.  In Schlup, the United States Supreme Court ruled that the Federal Habeas Corpus Applicant must show that a Constitutional Violation " More Likely than Not", resulted in the Conviction of an innocent Person, I.d. at 327,  115 S. Ct. 851.  This was an adoption of the Carrier Case. See:  **MURRAY Vs. CARRIER,** 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d. 397 (1986).

The CARRIER Standard requires the Habeas Corpus Applicant to show that a Constitutional Violation has probably resulted in the Conviction of one who is actually innocent to establish

-3-

the requisite probability. The Petitioner must show that it is more likely than not, that no reasonable Juror would have convicted him in light of the new information and evidence. **SCHLUP,** 513 U.S. at 377, 115 S. Ct. 851, Standard, the "More Stringent". **SAWYER Vs. WHITLEY,** 505 U.S. 333, 112, S. Ct. 2514, 120 L. Ed. 2d 2691 (1992) .. Holding that a Habeas Petitioner must show by clear and convincing evidence, but for a Constitutional error, No Reasonable Juror would have found the Petitioner eligible for the Death Penalty standard was re-enacted and the court then reasoned .. that a Constitutional error resulted in the conviction of one who is actually innocent of the crime.

The Carrier Standard strikes the balance between thesocial interest of finality and the Individual Interest in Justice.

**SCHLUP,** 513 U.S. 324, 115 S. Ct. 851. The Court dismissed the need for an exception to adequately protect against the kind of miscarriage of Justice that would result from the execution of a person who is actually innocent. " To Ensure that the fundemental mis-carriage of Justice exception would remain "RARE". and would be applied in the extraordinary case.

Which at the same ensuring, that the exception would extend relief to those who were truely deserving. This Court explicity tied the miscarriage of Justice exception to the Petitioner's Innocence., Id. at 321, 115 S. Ct. 851, while **SCHLUP** involved a Federal Habeas Corpus Petition in a Death Penalty Case.

The reasoning can be equally applied to both TEXAS CODE OF CRIMINAL PROCEDURE ARTICLES, 11.07, Section 4(a) (2) and 11.071, Section 5 (A) (2) A required claim of actual Innocence to bring

-4-

the Petitioner's within the "narrow Class of Cases", implicating a fundemental miscarriage of justice, Id. at 315, 115 S. Ct. 851.

In other words, showing actual innocence by a preponderence of the evidence is a gateway through which a Habeas Petitioner must pass in order to have an otherwise barred Constitutional claim considered on the merits Id. Citing: **HERRERA VS. COLLINS**, 506 U.S. at 404, 113 S. Ct. 853.

GROUND OF ERROR NO: 2

IMPROPER / ILLEGAL SENTENCE WITH

TWO ENHANCEMENT PARAGRAPHS.

GROUND OF ERROR NO: 2

ARGUMENTS and AUTHORITIES

Applicant WILLIE DONNELL BEASLEY, was charged with the Felony Offense of AGGRAVATED ROBBERY / HABITUAL. The Indictment, A-9192-J contained TWO enhancement Paragraphs. See: **INDICTMENT EXHIBIT (A)**, attached hereto, which alleged TWO Enhancement paragraphs, showing for **BURGLARY OF A BUILDING**, Cause No: A-4667, and **ROBBERY**, Cause No: A-6883, in **MARCH 08th, 1999**. Applicant plead Not Guilty to the AGGRAVATED ROBBERY and after been found guilty of the Aggravted Robbery, Applicant chose to be sentenced by the Trial Court Judge, the Honorable Jack H. HOLLAND, of the 173rd Judicial District Court of henderson County, Texas. During the penalty phase of the Trial, the Trial Court Judge was mislead by the State Prosecutor, into believing that the TWO Priors, enhancement paragraphs, were in fact final convictions, when she knew that the prior enhancements were not ... They were unavailable for enhancement purposes. See: **EXHIBIT (A)**, the **INDICTMENT** and

-5-

EXHIBIT (B), The JUDGEMENT and SENTENCEING, BECAUSE AFTER Being mislead, by the State Prosecutor, and not knowing it, the Trial Court Judge did take into consideration the enhancement paragraph when he pronounced and informed Applicant that he hereby sentenced him to 40 years in the Texas Department of Criminal Justice - Institutional Division., based upon information put before him by the prosecutor and the defense Attorney should have objected to the improper and illegal enhancement. Also, See a LETTER from the HENDERSON COUNTY, TEXAS DISTRICT COUNTY OFFICE, showing NO MANDATE was filed in either case entered as EXHIBIT (c), Id. UNDER THOSE CIRCUMSTANCES, THE COURT CONSIDERED THE ERROR AND REVERSED FOR A NEW PUNISHMENT HEARING, in the Interest of Justice.-Id. Thus, Under SANDERS, When a Defendant pleads TRUE to an enhancement paragraph, but, the record affirmatively reflects that the prior conviction was not final for enhancement purposes, the "INTEREST OF JUSTICE" REQUIRES THE REVIEWING COURT to Consider this Error.

The First Court of Appeals has extended the SANDERS Exception., Applying it not only to cases in which a Non-Final Conviction was improperly used to Enhance Punishment, but, to any case in which a "DEFENDANT PLEADS TRUE to an Enhancement Paragraph Allegation. [and], The Record affirmatively reflect [s] that the Prior Conviction should not have been used for enhancement purposes.

CRUZ VS. STATE, No: 01-00-00463-CR, 2001 WL 1168273, at TEX. APP. HOUSTON [1st DISTRICE] (October 04th, 2001.) No Petition, Not desiginated for Publication.)

-6-

The situation here falls within the gateway, as the records affirmatively reflects, that the TWO PRIORS should not have been used to enhance Applicant's Punishment range to that of an Habitual Offender.

A Claim of an **ILLEGAL SENTENCE** is cognizable in a writ of HABEAS CORPUS. See: **Ex Parte RICH,** 194 S.W. 3d. 508, 511, (TEX. CRIM. APP. 2006.)

An Illegal Sentence is one that is not authorized by Law.

Therefore, A Sentence that is outside the range of punishment, authorized by Law, is considered Illegal. **MIZELL Vs. STATE,** 119 S.W. 3d. 804, 806, ( Tex. Crim. App( 2003) **Ex Parte BECK,** 922 S.W. 2d. 181, 182, ( TEX. Crim. App. ( 1996).

Therefore, an Applicant's sentence must be within the range under which he / or she, was admonished and sentenced. See: **Ex Parte PARROTT,** 396 S.W. 3dd 531, 533. See: Also: **Ex Parte Mc Cain,** 67 S.W. 3d. 204, 210, (TEX. Crim. App. 2002).

GROUND OF ERRO No: 3

INEFFECTIVE ASSISTANCE OF COUNSEL

DURING THE PENALTY PHASE

GROUND OF ERROR NO: 3

Applicant, Willie donnell Beasley, contends that he was subjected to Ineffective Assistance of Counsel during the Penalty Phase, due to Defense Counsel's failure to investigate the prior convictions and the enhancement paragraphs, used for enhancement purposes.

Defense Counsel failed to file a Motion with the Trial Court to dismiss the improper enhancement paragraph when in fact, said paragraph were not final convictions, and could not be used for enhancement purposes. Had the defense Counsel investigated this, she would have known about the improper enhancement, and would have also filed a motion to dismiss the Indictment, due in fact that the TWO ENHANCEMENT PARAGRAPHS were un-available. The Indictment is defective because it's missing essential elements of the primary Offense. The Defense Counsel sat there and allowed the State Prosecutor to mislead the Courts into believing these were final convictions. The indictment is missing essential elements of the crime. See: **COOK Vs. LYNAUGH,** 821 F. 2d. 1072, (5th Cir. 1987) .. **DOUGLAS Vs. WAINWRIGHT,** 714 F. 2d. 1532, 11th CIR. 1983.

-8-

The indictment, under which Applicant, WILLIE DONNELL BEASLEY was convicted, alleged for enhancement purposes, TWO Prior Convictions for BURGLARY of a Building, Cause No: A-4667 and for Robbery, Cause No: A-6883: It was incumbent upon the State PROSECUTOR TO Prove that these prior Convictions became FINAL Before Commission of the Primary Offense. See: **DEREMIGGIO, Vs. STATE,** 637 S.W. 2d. 926 - 928. ( TEX. CRIM. APP. 199_.) The state sought to prove the enhancement allegation by introducing into evidence, a PEN PACKETT, containing a JUDGEMENT and SENTENCE, However, the copy of the sentence contained in the pen packett, Indicates that defendant gave notice of appeal in OPEN Court: " A conviction from which an appeal has been taken is not considered final until the Appellate Court Affirms the conviction and issues its mandate ... See: **CARTER Vs. STATE,** 510 S.W. 2d. 323, 324 ( TEX. Crim. App. (1974) .. However, in the instant case, no mandate from this court or / any other manner of proof, showing the disposition of the appeal was introduced into evidence BEFORE the Jury or Judge as such.. Our holding in **JONES Vs. STATE,** 711 S.W. 2d. 634 ( Tex. Crim. App. 1981). Controls.

In JONES, this Court determined: " In this instance, Because the sentence that was introduced into evidence by the state to prove up the alleged Prior Felony Conviction, reflects that the conviction was appealed. The state itself could have raised the question as to what disposition was made of the appeal, was introduced into evidence BEFORE the Judge or Jury as such...Our holding in JONES, this Court determined:

The State thus had the burden of Proof to establish what a disposition was made of the appeal, Because the State Failed to m

-9-

make a Prima Facia showing of finality. The Applicant had no Burden to carry ... The case is simply one of failure of the State to sustain its burden of proof. **JONES**, 711 S.W. 2d. at 636.

Although Applicant relied upon **RICH** and **JONES**, in his memorandum of Law, In support of Application for Writ of Habeas Corpus, Before This Court and the Court of Criminal Appeals, that Court did not discuss the case. The lower Court simply determined that the evidence was " CIRCUMSTANTIALLY SUFFICIENT". to prove that the prior conviction was final. This is In-Correct. After the State establishes that a defendant has been previously convicted, this Court will presume that a conviction is final when faced with a silent record regarding such.
**DIREMIGGIN**, 637 S.W. 2d. at 928.
Citing **JOHNSON Vs. State**, 583 S.W. 2d. 399 ( Tex. Crim. App. 1979) and **TINNEY Vs. STATE**, 578 S.W. 2d. 137, ( TEX CRIM. APP. 1979), Our holding in JONES, However requires the State to Proceed with Proof of finality has been over come. That is the evidence cannot be circumstantially sufficient when there has been no evidence of finality and other evidence established that the case has been appealed.

-10-

RICH, 194 S.W. 3d. 511   Ex Parte ELIZONDO, 947 S.W. 2d. 202

Case Law on INSUFFICIENCY OF EVIDENCE TO PROVE THE PRIOR

CONVICTION WAS FINAL ....

The resolution of this case depends upon whether Applicant's sentence is actually Illegal when the Judge delivered the sentence based on the indictment before him.
He acted within his authority and the law.

It was not until the Trial Court discovered that one of the Applicant's Felony charges was NON-Final Offense, that the problem with the sentence became known.  Clearly, the Trial Judge himself did not knowingly act illegally when issuing Applicant's sentence of 40 Years.  However, since Applicant's BURGLARY of a Building Cause No:  4667. and ROBBERY, Conviction was NON-FINAL., as a matter of Law, the Prior Conviction could not be used to sentence him as an Habitual Offender.

Applicant is currently serving the 40 Year sentence of an enhanced sentence for AGGRAVATED ROBBERY/HABITUAL, when the actual range of punishment for his offense with one prior felony conviction, is 2-20 years.

Those Precedent involving claims of illegal sentences have dealt with situations in which illegality of the Judgement was apparent from the facts before the Trial Court.  Although this instant case involves a different situation, because the mis-characterization of one of the prior convictions only later became known for previous cases in this area ...., and the rational when they are raised, are not only Applicable, but also instrumental in evaluating Applicant's Claim.

-11-

GROUND OF ERROR NO: 4

INEFFECTIVE ASSISTANCE OF COUNSEL

DURING THE GUILT and INNOCENT PHASE

GROUND OF ERROR NO: 4

ARGUMENT and AUTHORITIES

Applicant, WILLIE DONNELL BEASLEY, Contends that he received
ineffective assistance of Counsel during the Guilt / Innocent
Phase. Applicant raised a substantial issue concerning a missing
material witness for the defense's ORIGINAL PETITION for WRIT OF
HABEAS CORPUS.

The Applicant alleged that there was favorable evidence
that could have cleared Applicant of the alleged offense of
Aggravated Robbery. The Applicant made it known at the time of
the trial to his defense Counsel, that he had an alibi witness to
substantiate his location at the time of the alleged offense.
Trial Counsel's failure to interview and call the alibi witness w
who put the Applicant in another location at the time of the offense
constituted performance below and objective Standard of
reasonableness. There existed a reasonable probability that the
that the results of the trial would have been different, absent Trial
Counsel's un-professional errors and omissions. [ **U.S. Vs. DAWSON,**
851 F. 2d. 923 (5th Cir) 1988. **WADE Vs. Aamontrout,** 798 F. 2d.
308, (8th Cir) 1986. **U.S. Ex Rel PATTERSON Vs. NEAL,** 678 F.Supp.
749 I.N.D. III 1988).

Applicant did supply his Attorney, Ms. Drum, with the name
of the material Witness for the defense.. I.E. TRACY SOWELL'S
and after Ms. Drum had the trail Court to issue a supena for

-12-

Mr. Sowell's to be in Court on MARCH 09th, 1999, She, Ms. Drum phoned Ms. Sowell and told him that she would not be needing him. Ms. Drum also had the Applicant's Brother, Thomas G. Spencer, and Tom Perdue, to come to Court to offer testimony, but, prohibited them from testifying for the Applicant.

Failure by the defense Counsel to produce these alibi witnesses, under the facts and circumstances of this case, constituted ineffective assistance of Counsel. **JOSH Vs. LOCKHART,** 879 F. 2d. 412 (8th Cir) 1989. Trial Counsel also abandoned Applicant only defense which was inherently prejudicial. **U.S. Vs. SWANSON,** 943 F. 2d. 1070 (8th Cir. 1991).

The applicant also made it known, the location of TWO other WITNESSES THAT COULD HAVE FURTHER TESTIFIED THAT THE ALLEGED victim had accused them of taking property from her and failure of Counsel to contact and interview and investigate all potential witnesses of possible alibi witnesses, When Applicant provided his Counsel with their names, which would have supported a Defense of mis-identification, constituted Ineffective Assistance of counsel, **LAWREBCE Vs. Aamontrout, 900 F. 2d. 127 (8th Cir 1990).,** and **U.S. Vs. ASHIMI, 932** F.2d. 643 ( 7th Cir. 1991). Both Mr. Sowell's and Mr. Spencer were willing and ready to testify for the Applicant. This can be verified through Trial Records.

Applicant further contends that Counsel had a duty to perform in conducting a reasonable amount of Pre-Trial investigation which includes: **SEEKING OUT and INTERVIEWING POTENTIAL WITNESSES,** AS in **NEALLY Vs. CABANA,** 764 F. 2d. 1173, 1177, ( 5th Cir. 1980) and **Ex Parte DUFFY,** 607 S.W. 2d. 507, ( Tex. Crim. App. 1980).

-13-

and **U.S. Vs. GRAY,** 898 F. 2d. 702 (3rd Cir. 1989).

Please Note that the 6TH Amendment provided that..." **IN ALL COMPULSORY PROCESSES, FOR, OBTAINING WITNESSES IN HIS FAVOR,"** **U.S. CONSTITUTIONAL AMENDMENT** V.I... This right was held Applicable to the State through the 14th Amendment in **WASHINGTON Vs. TEXAS,** 380 U.S. 14.19 (1987). Simply put, the Applicant's right to compulsory process was denied.

The Sixth Amendment right to Counsel is the right to EFFECTIVE ASSISTANCE OF COUNSEL as in **STRICKLAND Vs. WASHINGTON,** 466 U.S. 688. The U.S. Supreme Court established a TWO Prong test with which to evaluate INEFFECTIVE ASSISTANCE OF COUNSEL Claims.

The Court in **STRICKLAND** STATES THAT, " THE PURPOSE OF THE EFFECTIVE ASSISTANCE OF COUNSEL GUARENTEE IF THE 6TH AMENDMENT is .... to ensure that the Criminal Defendent receives a fair Trial... Id. at 689 .. To obtain reversal of a conviction that defendant must prove:

(1.) That Counsel's performance fell below an objective standard of reasonableness. **KYLES Vs. WHITLEY,** 5 F. 3dd. 806, 819 (5th Cir. 1993, and (2) ... That Counsel's deficient performance prejudiced the defendant resulting in an un-reliable or fundementally Unfair outcome of the proceedings .. **U.S, Vs. SPRINGS,** 968 F. 2d. 796, 748, (7th Cir. 1993).

The Court has held that the Second Phase of **STRICKLAND,** REQUIRED MORE THAN JUST A SHOWING THAT THE OUTCOME OF THE PRO CEEDING WOULD HAVE BEEN DIFFERENT.

For the Counsel's errors, **LOCKHART Vs. FRETWELL,** 113 S. Ct. 838, 842-843 (1993), in **BLACKBURN Vs. FORTS,** 828 F. 2d.

-14-

177, (8TH Cir. 1987) .. Defendant was denied the EFFECTIVE ASSIS-tance of Counsel based on a combination of Counsel's erroneous Legal Advice, concerning possible Use of Prior Convictions if Applicant testified ... And was the refusal to allow defendant testifying denied an opportunity to observe Defendant demeanor and to Judge his credibility first hand against that of the prosecutors witnesses.

( **NICOLAS Vs. BUTLER,** 951 F. 2d. 1550 (11th Cir. 1992.)

This action deprived the defendant of a fair Trial and also constitutes Ineffective Assistance of Counsel.

The Court should find that his right to testify at his own Trial, is so basic to a Fair Trial, that Counsel's actions preventing Defendant from testifying can never be treated as a harmless error. (**U.S. Vs. BUTTS,** 630 F. Supp. 1145 (D.ME. 1986).

It is obviously clear that a potential conflict of interest had occurred some time during the Course of the Trial proceeding, and that the court, as well as Applicant's Attorney, has knowingly and intentially and willfully neglected their duty and failed or refused to investigate the Unapproved private communication and tampering of a Juror.

This Court must consider and review and apply the Laws which have been set forward, not only by the Court of Criminal Appeals. but also the U.S. Court of APPEALS, as well as the U.S. Supreme Court.

-15-

GROUND OF ERROR NO: 5

INEFFECTIVE ASSISTANCE OF COUNSEL

CONFLICT OF INTEREST

GROUND OF ERROR NO: 5

ARGUMENT and AUTHORITIES


Applicant arques that there was a Conflict of interest between himself and his Court Appointed Attorney, Ms. Teresa A. Drum, who represented Applicant at his Trial.

Aside from the fact there exhisted a close friendship between Ms. Drum and the Assistant D.A. Ms. Shari Moore. Ms. Drum was also employed by the County of Henderson County, as a City Attorney for Gun BArrell, City, Texas. See: Exhibit ( E. H. K.) The Trial Court erred in its decision not to investigate the Applicant's claim of conflict of interest, which is reqonized under the 6th Amendment and the 14th Amendment of the U.S. Constitution under Due Process abd the right to effective assistance of Counsel, which is also recoqnized by the Court.

Furthermore, Applicant's Attorney verbally motioned to withdraw, citing possible Conflict of interest. However, the Trial Court Judge totally disregarded Applicant and Applicant's Attorney's claim of conflict of Interest.

When Defendant made a sufficient showing that a Conflict of Interest existed, which adversely affected Counsel's representation, prejudice is presumned. MANHALL Vs. REEDS, 847 F. 2d. 576 (5th Cir. 1988) See Also CUYLER Vs. SULLIVAN,

-16-

446 U.S. 335, 348, 100 S. Ct. 1708  64 L. Ed. 2d. 333 (1980).

Applicant argues that the possible Conflict of interest did become a complete conflict when Defense Counsel, Ms. Drum, had to choose between actually protecting Applicant's rights to Trial by Jury.

( A JURY NOT TAMPERED WITH...)

See: **EXHIBIT ( D, E. F. G. H.)** AND REPORTING A FELLOW Officer of the State. Detective Kay LAngford... for Possible Jury tampering.

Under **GUYLER**, the Court must presume prejudice of a conflict of Interest adversely affects the Attorney's Performance.

Applicant would like to redirect the Courts attention to the following:

Applicant did file his affidavit of Juror misconduct with the Trial Court on March 10th, 1999 ... See: **EXHIBIT (D)** which is part of the Court Record on File.

The Trial Court Judge received said affidavit and sent a copy of the same on Applicant's Trial Attorney.  See **EXHIBIT (F)**, Also a Part of the Trial Court Records.  A Reading of **EXHIBIT (D)** clearly demonstrates that Ms. T. Drum knew of the Jury tampering prior to Applicant filing his affidavit.

Defense Counsel, T. Drum, at no time prior to Applicant filing his affidavit, and at no time following the Trial Court Judge, serving her a copy of said Affidavit, did Ms. Drum move for an in-camera hearing to voir dior Ms. P. Hamieh., who did become Juror # 6, nor Detective Kay LANGFORD.  The Applicant would like to point out at this time, that. the Trial Court Judge

-17-

has a limited duty to avoid potential conflicts of Interest which constitutes a 6TH Amendment Violation on the Conflict of Interest. The reviewing Court must find, (1.)- THE DEFENSE COUNSEL ACTIVELY REPRESENTED CONFLICT OF INTEREST AND (2.) - that an actual Conflict of Interest adversely affected Defense Attorney's performance as cited. See: **GUYLER Vs. SULLIVAN,** 466 U.S. 335, 348, 100 S. Ct. 708, 64 L. Ed. 2d. 333 (1980) and the Court must initiate an inquirey if it knows or reasonably should know that a potential conflict exbsts.

The Applicant would once again like to draw the Courts attention to **EXHIBIT (K),** which further substantiates Applicant's claim of Conflict of interest. According to **JAMISON Vs. LOCKHART,** 975 F. 2d 1377 (8Th Cir. 1992), Applicant's Trial Court Appointed Attorney was also employed as a City Attorney and created a conflict of Interest and constitutes "CAUSE" for procedural default. The Applicant would show that Defense Counsel T. Drum, had in her possession, which constituted Ineffective Assistance of Counsel which the Courts should pay attention to evidence in the form of an investigation report from her investigator. That clearly shows that the Applicant was 38.4 miles away from the scene of the crime, at the time of the alleged robbery .. and she, Ms. T. Drum, failed or refused to use the evidence abd did not offer any explanation.

GROUND OF ERROR NO: 6

JUROR MIS-CONDUCT ( UN-APPROVED )

JURY COMMUNICATION )

GROUND OF ERROR NO: 6
ARGUMENT and AUTHORITIES

-18-

Applicant, WILLIE DONNELL BEASLEY, Contends that on March 09th, 1999, the Applicant made it known to his Trial Attorney, Ms. T. Drum, that one of the State Investigators involved in the investigation of the Applicant, case, was observed talking to one of the perspective Juror members.

This individual was identified as JUROR No: 6, as, Ms. Paula Hamlet.

See: **EXHIBIT B .. APPLICANT'S AFFIDAVIT and EXHIBIT H.I.J,.**
The Applicant's Attorney failed to report this UN-AUTHORIZED Juror Communication to the Trial Court Judge.

Ms. HAMLET and state Investigator Detective Kay Langford, were observed having this conversation with one another in the Jury Parel before Jury selection began.

Ms. Hamlet was chosen as one of the TWELVE JUROR MEMBERS.

As a result of the Defense Attorney neglecting her duties and affidavit was filed on MARCH 10th, 1999, by this Applicant.
See: **EXHIBIT E ...** Please note that the Trial Court Judge, I.E. HONORABLE JACK H. HOLLAND, acknowledged receiving the Applicant's Affidavit.. See: **EXHIBIT E..** Letter from Judge Holland to the Applicant, But, the issue of Jury Mis-conduct has never been investigated by the Trial Court or Defense Attorney, instead the Trial Court Judge and Defense Attorney should have investigated JURORS exposed to extraneous influences to determine whether there was or has been prejudicial impact when the Applicant pointed out the fact of un-approved communication, conflict, or Jury Tampering during a Criminal Trial.

The Trial Court should have investigated and enquiry by investigating the detectives ulterior motives.

In the case of **CRAMMER VS. UNITED STATES,** 347 U.S. 277.
" The U.S. Supreme Court held that any un-approved private
communication contact or tampering with a Juror during a Criminal
Trial, is presumed Prejudicial ... 1746 Id. at 229."
The imparticular circumstances is the fact that there was
**UN-APPROVED COMMUNICATION** Concerned, Reasonable Jurist would
find these Constitutional claims debatable or just plain wrong.

GROUND OF ERROR NO: 7

NO EVIDENCE TO SUPPORT CONVICTION

LEGALLY - INSUFFICIENCY OF EVIDENCE

GROUND OF ERROR NO: 7

ARGUMENT and AUTHORITIES

APPLICANT CONTENDS THERE WAS NO EVIDENCE TO SUPPORT HIS
conviction. The Applicant argued that he was convicted, not
because of conclusive evidence that showed that he was guilty
of aggravated Robbery, but, based upon Two Prior convictions
and Applicant's past.

Applicant further argued that the mis-Identification was
not raised at trial and that the alleged victim's identification
of the Applicant was so far out of focus that the trial Court
Judge had to question the testimony of the alleged victim.

When the victim was asked if she could identify the
perpetrator of this alleged crime, a spectator in the back of
the court room shouted, " Yes, Thats Willie Beasley!"

And the alleged Victim could not describe for the Trial Court
Judge what the Applicant was wearing and Defense Counsel's Failure
to move to correct testimony, which she knew to be false, and or

-20-

mis-leading, constitutes Ineffective Assistance of Counsel.

( MILLS Vs. SCULLY, 635 F. Supp. 885 ( S.D.N.Y. 1987)

When questioned about what had taken place on November 14th, 1998, the alleged victim started to testify as to someone in a field with a pick-up truck and displayed problems of remembering anything. She spoke about someone trying to " WHO-DO-HER!" And that someone had come in and taken matteresses from her residence.

The Applicant would point out that the State Chief Witness in the case, Mr. Eddie Pace, was the one who allegedly found the Victim's wallett. The same witness that the Applicant had told to his Defense Attorney, Ms. T. Drum, was a wanted fugitive out of SMITH COUNTY, TEXAS. Trial Counsel's failure to investigate impeachable evidence for attacking the credibility of the State witness may constitute Ineffective Assistance of Counsel and she, Ms. Drum, had a duty to investigate leads affecting the credibility of witnesses which would serve to bolster her clients credibility and undercut the State's witnesses testimony.
MILLER Vs. WAINWRIGHT, 798 F. 2d. 426 ( 11th Cir. 1986) and WILLIAMS VS. WASHINGTON, 59 F. 3d. 673 ( 7th Cir. 1995).

CONCLUSION

There was insufficient evidence to support Applicant's sentence and conviction and there was evidence in the record to support an actual Innocense claim. The Court will find that this type of circumstances that a fundemental miscarriage of Justice has occured. See: SMITH Vs. DAHM, 779 F. 2d. 1045 1991) ...

-21-

The Applicant failed or refused to address these issues which further establishes a pattern of Ineffective Assistance of Counsel.

There is no evidence that a reasonable Jurist would find the DistrictCourts assessment of the Constitutional claims debatable or wrong.

The Court found in **LEVINE Vs. TORVIK,** 986 F. 2d. 1506 (6th Cir. 1993). That even if it is concluded that Applicant fairly presented his Constitutional claims to the Trial Court, the Texas Court of Criminal Appeals would be able to consider it now by applying the doctrine of **MURRY Vs. CARRIER,** 477 U.S. 478, 488 (3) 106 S. Ct. 2639, 2645, 91 L. Ed. 2d. 297 (1986). There is established that in the extraordinary case, " WHERE CONSTITUTIONAL VIOLATIONS HAS PROBABLY RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT .. A COURT MAY CONSIDER the claim even absent a showing of cause and prejudice.

PRAYER

WHEREFORE, Premises Considered, The Applicant Respectfully Prays that this Honorable Court, in it's review, would Vacate all previous Orders and reverse an'' remand for aquittal, this case, with instructions to hold an evidentiary hearing and order a New Trial and Appoint Counsel for the Applicant.

RESPECTFULLY SUBMITTED:

_Willie D. Beasley_

WILLIE D. BEASLEY
T.D.C.J.-I.D. CID # 870844
Mark Michael Unit
2664 FM 2054
Tennessee Colony, Texas
Pro-Se                    75886

DONE THIS __02__ DAY OF __Aug.__, 2015.

VERIFICATION

The following verification is made pursuant to 28 U.S.C. 1746 and 28 USC 1651 of the All writ att. I have read and the attached memorandum of Law in support of the Application for WRIT OF HABEAS CORPUS, and I am familiar with its facts and allegations.

I verify under Penalty of Perjury, that, the foregoing is True and Correct to the best of my knowledge and belief.

EXECUTED ON THIS __02__ DAY OF __August__ 2015.
At the MARK MICHAEL UNIT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN ANDERSON COUNTY, TEXAS, 75886-0001.

/s/ _Willie D. Beasley_
WILLIE D. BEASLEY # 870844

APPLICANTS EXHIBITS FOR 11.07 AMENDED

HABEAS CORPUS

---

A.) INDICTMENT IN CAUSE NO: A-9192. The State of Texas Vs. WILLIE DONNELL BEASLEY

B.) JUDGEMENT AND SENTENCE IN CAUSE NO: A-9192.

C.) LETTER FROM HENDERSON COUNTY DISTRICT CLERK OFFICE SHOWING NO MANDATE FILED IN EITHER CAUSE NO: A-4667 ( (BURGLARY) or A- 6883, ( ROBBERY)...

D.) AFFIDAVIT OF WILLIE D. BEASLEY, CONCERNING JUROR MIS-CONDUCT MARCH 08th, 1999.

E.) LETTER FROM STATE DISTRICT JUDGE, HONORABLE JACK H. HOLLAND, DATE: MARCH 12th, 1999, CONCERNING JUROR MIS-CONDUCT.

F.) AFFIDAVIT OF THOMAS G. SPENCER, ABOUT DEFENSE COUNSEL'S DATE: DECEMBER 29th, 2001.

G.) AFFIDAVIT OF MELISSA ANN BEASLEY, ABOUT FLEEING INVESTIGATING KAY LANGFORD, FROM COURT ROOM ON APRIL 09th.2003.

H.) AFFIDAVIT OF LUTHER TALIAFERRO, DEFENSE INVESTIGATOR ON JANUARY 07th, 2005.

I.) AFFIDAVIT OF TOM PERDUE CONCERNING MARCH 08th, 1999. FLEEING FROM COURTROOM ON JANUARY 03rd, 2006.

J.) AFFIDAVIT OF WILLIE D. BEASLEY CONCERNING PROSECUTION DETECTIVE KAY KANGFORD ON JANUARY 07th, 2006.

K.) NEWSPAPER ARTICLES SHOWING T.A. DRUM, SERVED AS THE CITY ATTORNEY AND CITY PROSECUTOR FROM 1996 - 1999. ARTICLE DATED: JANUARY 05th, 2002.

No. A-9192

Bond $ 100,000

The State of Texas Vs. _____ WILLIE DONNELL BEASLEY _____

Charge: AGGRAVATED ROBBERY/HABITUAL

Court_ 173rd Judicial District

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of __HENDERSON_, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the __JULY_ Term A.D. 19_98 of the 173rd Judicial District Court for said County, upon their oaths present in and to said court at said term that

WILLIE DONNELL BEASLEY

hereinafter styled Defendant, on or about the __14th_ of __NOVEMBER__ A.D. 19 _98 and before the presentment of this indictment, in the County and State aforesaid, did then and there, while in the course of committing theft of property and with intent to obtain and maintain control of said property, intentionally and knowingly threaten and place GOLDEN ROBERSON in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife;

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 24th day of January, 1990, in cause number A-4667 in the 173rd Judicial District Court of Henderson County, Texas, the defendant was convicted of the felony of Burglary of a Building.

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number A-4667 was final, the defendant committed the felony offense of Robbery and was convicted on the 10th day of January, 1994, in cause number A-6883 in the 173rd Judicial District Court of Henderson County, Texas.

against the peace and dignity of the State.

_____
Foreman of the Grand Jury

0005

748

| | | |
|---|---|---|
| THE STATE OF TEXAS | () | IN THE 173RD JUDICIAL |
| VS. | 0 | DISTRICT COURT OF |
| WILLIE DONNELL BEASLEY | 0 | HENDERSON COUNTY, TEXAS |

## JUDGMENT - PLEA OF NOT GUILTY
### PENALTY BY COURT

Judge Presiding: JACK H. HOLLAND

Date of Order: APRIL 8, 1999

Attorney for State: SHARI D. MOORE

Attorney for Defendant: TERESA DRUM

Offense convicted of: AGGRAVATED ROBBERY

Degree: FIRST DEGREE FELONY

Date of Offense: NOVEMBER 14, 1998

Charging Instrument: INDICTMENT

Plea: NOT GUILTY

Jury Verdict: GUILTY                 Foreman: ROY LAWTON CLAY

Plea to Enhancement Paragraph: Not true to First Enhancement Paragraph; True to Second Enhancement Paragraph

Findings on Enhancement: The Court found both Enhancement Paragraphs to be true.

Findings on Use of Deadly Weapon: N/A

Punishment Assessed by: COURT

Date Sentence Imposed: APRIL 8, 1999

Exhibit ("A")
(B)

1

CERTIFIED COPY

Date to Commence: APRIL 8, 1999

Punishment and Place of Confinement:

FORTY (40) years confinement in the Texas Department of Criminal Justice, Institutional Division;

Time Credited: ___146___ Days

Concurrent Unless Otherwise Specified

Restitution: None

Fine: None

Court Costs: $ 2,721.25

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of AGGRAVATED ROBBERY, and on the 8th day of March, 1999, this cause being called for trial, the State appeared by Shari D. Moore, her Assistant District Attorney, and the Defendant appeared in person and by his counsel, TERESA DRUM, and both parties announced ready for trial, and the said Defendant in open Court was duly arraigned and pled NOT GUILTY to the charge contained in the indictment herein; thereupon, a jury, to-wit: ROY LAWTON CLAY, Foreperson, and eleven others, was duly selected, impaneled and sworn, who, having heard the indictment read, and the Defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, as to their duty to determine the guilt or innocence of the Defendant and after hearing arguments of counsel, the Jury, on the 9th day of March, 1999, retired in charge of the proper officer to consider their verdict, and afterward were brought into open Court, by the proper officer, the Defendant and the Defendant's counsel being present, and in due form of law returned into open Court the

2


CERTIFIED COPY

*750* following verdict, which was received and accepted by the Court and is here now entered upon the minutes of the Court, to-wit: "We, the Jury, find the Defendant, WILLLIE DONNELL BEASLEY, Guilty of AGGRAVATED ROBBERY, as charged in the indictment." /s/ ROY LAWTON CLAY, Foreperson.

The Defendant having been found guilty by verdict of the jury, it is hereby ADJUDGED and DECREED that the Defendant is guilty of the offense of Aggravated Robbery, a First Degree Felony.

ON the 8th day of April, 1999, the punishment phase of the trial was had. The court, after hearing testimony and considering the evidence and arguments of counsel and having made findings as to the enhancement paragraphs as shown above, assessed the Defendant's punishment at confinement in the Texas Department of Criminal Justice, Institutional Division for FORTY (40) years. It is, therefore, FOUND AND ADJUDGED by the Court, that the said Defendant is guilty of the felony offense of Aggravated Robbery, that said Defendant committed said offense on the 14th day of November, 1998, as found by the jury, that the two enhancement paragraphs of the indictment are true and that he be punished, as has been assessed by the Court, at confinement in the Texas Department of Criminal Justice, Institutional Division, for FORTY (40) years, and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended for which execution will issue.

It is further ORDERED that Defendant be given credit for jail time served of one hundred forty-six (146) days.

Thereupon, the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar

3



CERTIFIED COPY

thereof, and it appearing to the Court that the Defendant is mentally competent and understands the proceedings.

It is, therefore, CONSIDERED AND ORDERED by the Court, in the presence of the said Defendant, and his attorney that the said judgment, as set forth above, be and is hereby in all things approved and confirmed, and that the Defendant, who has been adjudged guilty of the above named offense, as shown above, and whose punishment has been assessed by the Court as shown above, be punished in accordance with the punishment set forth above and that the Defendant shall be delivered by the Sheriff of Henderson County to the Director of the Department of Criminal Justice, Institutional Division, of the State of Texas, or other person legally authorized to receive such convicts for the punishment assessed herein, and said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary. It is further ORDERED that the Defendant pay court costs as set forth above.

And the Defendant is remanded to jail until the said Sheriff can obey the directions of this judgment.

SIGNED this the 21 day of April, 1999.

Jack H. Holland
Judge, 173rd Judicial District Court of
Henderson County, Texas


CERTIFIED COPY



Mr. Willie D. Beasley
#870844
M.W. Michael Unit
2664 FM 2054
Tenn. Colony, TX 75886

Mr. Beasley,
Regarding your letter dated June 2, 2013, we have no mandate filed in either cause A-4667 (Burglary), or A-6883 (Robbery).

Thank you,

Deputy District Clerk
109 West Corsicana St.
Athens, Texas 75751
903-677-7244
manthony@co.henderson.tx.us

SCOTT W........
LTST. 8482
ofTS T. 8482

Need ......... ll melisa mon 3-16
About Tracy sc... ll not be called
mrs. Drums?

Kith Menter A.D.R.
4-3-99

CAUSE NO. A-9152

HE STATE OF TEXAS      x   IN THE 173 JUDICIAL

S.      x   District Court OF

LLIE DONNELL BEASLEY      x   HENDERSON County, Tx.   Exhibit D

     x

## DEFENDANT Affidavit OF
## JUROR misconduct

TO THE Honorable Judge OF Said Court:

Now Comes Willie Donnell Beasley, Defendant in the Above Entitled d numbered Cause, by And through undersigned Defendant Willie Donnell BEASLEY make is Affidavit of JUROR Misconduct, And For Good Cause Shows the Following:

1. On March 8th of 1999 while The Jury was in panell ective Kay Langford was observed Sitting on The back Row Talking ith a patential Juror, This was immediatly reported To my attorney eresa Drums That Mrs. Langford was seen possibly Talking ith a patential jucor. She said she would look out For This d did not report it. This Juror's member's Name is Miss Hamle st name Paula, And She was Juror #6 when The Jury was eing Chosen in Judge Carter Tarrance's Court. It is also my der standing That Miss Jackson may have Known me or one F my Family Members "I.E. Mothernlaw". There was Crucial vidence That Should have been Submitted in regaurd's To Nov. 14, 198 That was not Submitted.

My aliby For The evening mr. Tracy Senith Sowell's ho was in Dallas "TX ~~on 13-9-99~~; appeared in Court. Futher estamony Could have been Submitted by Keith Menter ho's a Staff writer For The Athens Daily Review. Numero ther Sercanstances Surranding The Victom's Creditbility

00051

There is strong possibility of The Jury being Tanted and exposed to infamation outside The Court while returning from lunch. I think from your evaluation and investigation you'll find This to be True. Other witnesses were seen in the back your Courtroom listening to Testomy's from other witness aming Vivian Sowell's + Eddie Roy Page. This was observed by my brother Thomas Spencer on March 9th 1999. There is till questions st being raised about The enjustice That has een done to me out of your present's. In Need of mmediate attention, your honor I half to Caution you at after you refused to allow The Statement of my wife Elissa Ann Beasley To be reviewed by The Jury. It futher straged them not to be able to review Something you have alread led inimmessible. Again I state to you in This Alpha Affada Iaa I am not quilty of This Charge. The information Containe This Affidavit, is it True? And is been sworn to up nder The penility of purgery.

Where fore Premisses Considered The defender respectedly rays That This honorable Court will investigate This Case tself, and if The alligation's Found To be True That a niss Trial be declared a miss Trial That The defendant e granted a new Trial based upon Jury misconduct nd inappropriate behavior of The investigator's involved.

10th Day of March 1988;

Respectfully Submitted

/s/ Willie W. Beasley

Willie D. Beasley

### Certificate of Service

I, Willie D. Beasley, hereby certify that a copy of the above and forego-'s Defendant Affidavit of Juror Misconduct was delivered to the Honorable Judge K. H. Holla At Courthouse, Athens, Tx. 75751 on 10th of May 1999;

/s/ Willie W. Beasley

Mr. Willie Darnell Beasley

P.O. Box 2378

Athens, Tx. 75752

W. W. Beasley

T. H. Holland

**JACK H. HOLLAND**
**JUDGE**
903/675-6107

FAX 903/675-6106

**TROY VAUGHN, JR.**
**BAILIFF**
903/677-7281



**BETH WILLIAMS**
COURT COORDINATOR
903/675-6107

**MARTHA LAM**
COURT REPORTER
903/675-6156

*3-16-99*
*Received 3:15 p.m. MLW*

# 173RD JUDICIAL DISTRICT
## HENDERSON COUNTY COURTHOUSE
## ATHENS, TEXAS 75751

March 12, 1999

*Exhibit (B)*
*(E)*



Mr. Willie Donnell Beasley
Henderson County Jail
206 A N. Murchison
Athens, TX 75751

> Re:   Cause No. A-9192
> State of Texas vs
> Willie Donnell Beasley

Dear Mr. Beasley:

Your "Defendant Affidavit of Juror Misconduct" was received this date and a copy of same has been forwarded to your attorney, Ms. Teresa Drum.

Yours very truly,

*Jack H. Holland*

Jack H. Holland
District Judge

JHH/bw

cc:   District Clerk
Ms. Teresa Drum, Attorney at Law

THE STATE OF TEXAS            X
COUNTY OF HENDERSON     X
                             X

## AFFIDAVIT OF MATERIAL
## WITNESS



       I,Thomas G.Spencer,do make this statement freely and voluntarily.I am over 18 years of age and do understand that in order to make such statement,I should be sound mind.I state for the defendent in cause #A9192 that I was one of the witnesses scheduled to testify for Willie Donnell Beasley in the above and mentioned cause number and was not allowed totestify by his attorney due tothe fact that one of the officers involved in the case i.e. J.Miller,had informed the defendent's attorney and the district attorney that he thought he knew me.Let this affidavit clearly reflect that officer Miller stated that he had previously over-seen supervision of me while employed by the Texas Department of Criminal Justice.Let the record further reflect that I am not now ,nor have I ever been incarcerated, I do not have a criminal record.I would like the record to further clearly reflect that if given the opportunity to testify for Mr.Beasley,my testimony would have made a great deal of difference in the credibility of the complaint story concerning the alledged robbery.I would have testified to the fact that Mr. Beasley does not own nor have I known him to possess a knife which was alledgedly the weapon used by the perputrator of the alledged crime.I would have further testified to the fact that the alledged victim's mind goes and comes and to the fact that there was ongoing problems between the victim and the tenant concerning needed mantenance repairs in the house which Mr.Beasley and his wife Melissa Beasley and that Mr.Beasley had continousley stated that if she could not keep the upkeep on the house that him and his wife would move.

       I would have further testified that the alledged victim feared losing financial sources if the Beasley family moved and that the alledgged victim also faced multiple financi problems by such a loss.

       On March 9th,1999,I was at court willing and ready to testify about the above and mentioned facts and was prevented from testifying by Mr.Beasley's attorney Teresa A. Drum.Mr Sowell was also prevented from testifying.

       The information provided in this affidavit is authorized to be used to assist any party involved in an internal investigation and is being made freely and voluntarily I understand that any false statement in this affidavit will subject me to the penalty of pargery (28 U.S.C 1746)

ON _December_ DAY _29_ 2001                  _Thomas G. Spencer_

                                         Thomas G.Spencer,AFFIANT

---

BEFORE ME,the undersigned authority on this day personaly appeared Thomas G.Spencer and have been duly sworn ,states that,to the best of his knowledge,the foregoing affidavit of material witness is true and correct inevery respect and is a correct and complete statement of the matters to which it relates

_29 th_
_____     SUBSCRIBED AND SWORN TO BEFORE ME BY THOMAS G.SPENCER on this the
office.    DAY OF _Dec_ 2001: certify which witness my hand and seal of

                                                          NOTARY PUBLIC,STATE OF TEXAS.

# Affidavit

Exhibit (D)

6

## THE STATE OF TEXAS
## COUNTY OF HENDERSON

Before Me, The undersigned authority on this day personally appeared Melissa Ann Beasley, who is known to me to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that he executed the same for the purposes and consideration therein expressed:

My Name is Melissa Ann Beasley; I am over twenty-one years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts here in stated.

On the 8th day of March 1999, while waiting in the lobby of the Henderson County Court House I observed Det. Kay Langford fleeing from Judge Carter Terrance's Court Room. Det. Kay Langford was the Chief Investigating Officer in the case against my husband Willie Donnell Beasley. I was standing in the lobby talking with another potential witness for my husband I. E. Tom Purdue when this officer emerged from the Court with a manila folder clenched to her chest fleeing from the Court room. Also, I have personnel knowledge that my husband was very dissatisfied with his attorney in her performance before his trial started.

It is also to my understanding that both Willie and his Attorney requested the Courts to allow his Attorney to withdraw citing possible conflicts of interest. The court refused to allow my husband to dismiss his Attorney and appoint another attorney to represent him on his case.

In witness thereof, I have hereto set my hand this the 9 day of Apri /2003

_Melissa Ann Beasley_
Melissa Ann Beasley

---

Sworn to and Subscribed before me, by the said Melissa Ann Beasley on this 9 day of April 2003
To certify which witness my hand and seal of office.

SONYIA FOSTER
MY COMMISSION EXPIRES
October 20, 2006

_Sonyia Foster_
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

Before me, the undersigned authority on this day personally appeared Luther Taliaferro, who is known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed:

My name is Luther Taliaferro. I am over 21 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts here stated.

On February 11, 1999, I met with attorney Teresa A. Drum at her office in Gun Barrel City. Ms. Drum requested I conduct an investigation involving an Agg. Assault charge against Willie Beasley. Ms. Drum said Willie Beasley is accused of assaulting and robbing his next door neighbor. Ms. Drum said Beasley denies these charges and says he was visiting a friend when the offense occurred. Ms. Drum requested I contact this friend and any other person I feel will help this case.

On February 13, 1999, I interviewed the victim in this case, Mrs. Golden Robinson, at her residence. Robinson lives at 18246 FM 317, Chandler, Texas. I observed Mrs. Robinson to be an older black female. She did not seem to be in the best of health. She seemed to spend most of her time in a wheelchair and when she did get up to walk she had to use a cane. I began my interview with simple conversation. Robinson participated in the conversation very well.

Robinson told me about the day she was robbed. She related the same story as she related in her statement to the police. Robinson said she has known Willie Beasley for 6 or 7 years. She said she knows Willie has been in the penitentiary but did not know why. Robinson said she has no doubt that Willie Beasley is the person who assaulted and robbed her. Robinson said Willie Beasley knew that she kept her money inside her clothes. She said Willie Beasley has seen her put money in the purse, which she kept pinned inside her bosom area.

Robinson said she did not call the police. She did not know who called the police. Robinson said she thought Willie's wife, Melissa, called the police to report the crime. Robinson said she thought Willie had also took some money from his wife, Melissa. Robinson said she did not call the police that day.

I observed Mrs. Robinson to be very alert and sane. She gave me no indication of any type of mental problems she may have.

On February 13, 1999, I contacted Melissa Beasley at her place of employment. I talked to Melissa about her statement she gave to the police. She verified the information in the statement she gave to the police on the day of the offense.

Melissa said she was in full support of her husband. She said she just could not believe Willie committed this crime. Melissa told me Willie did not steal money from her on that day, she said he asked for some and she gave it to him. Melissa said she did not think her husband had a drug problem or an alcohol problem.

Melissa said she did not call the police on the day of the offense. Melissa said she thought Mrs. Robinson's sister-in-law, ala Mae Stewart reported the crime to the police about five minutes after the offense occurred.

On February 14, 1999, I interviewed Tracy Sowles by telephone. He did remember the day in question very well. Tracy said he contacted Willie Beasley by phone at Willie's job at approximately 8:45 AM. Tracy said he only spoke briefly with Willie and inquired about a small loan. Tracy said at approximately 4:45 PM he called Willie's house. Tracy said he did not get an answer so he called Willie's pager (#903-525-5031) trying to make contact. Tracy said in approximately five minutes Willie returned his call. Tracy said when he was talking with Willie he could hear a television in the background and assumed that Willie was at home. Tracy said he again inquired about a small loan and Willie agreed. Tracy said he asked Willie to meet him at "Fat Dogs" liquor store on State Hwy 155 in Coffee City. Tracy said he told Willie he (Tracy) had to go to this location to pickup a friend and give him a ride to Tyler. Tracy said he thinks Willie met him at this store sometime between 5:00 PM and 5:15 PM. Tracy said if Willie traveled on an oil top road through Coffee City, it would have only taken him 10 or 15 minutes to get from his residence to Fat Dogs Liquor Store. Tracy said when he contacted Willie at the store, Willie was in a very cheerful mood and indicated that he was going back home and spend time with his family. Tracy said Willie stayed for only 3 or 4 minutes and then left. Tracy said he also left with his friend named David Johnston, who now lives somewhere in Dallas. Tracy said he went home to check on his children and arrived there at approximately 5:25 PM. Tracy said he lives only a few minutes drive from Fat Dogs Liquor Store. Tracy said he then left his house with his friend and went to Tyler. Tracy said he dropped his friend off at approximately 5:55 or 6:00 PM at the Oakwood Apartments located on Loop 323. Tracy said he then paid some bills and ate a Big Mac and arrived back home at approximately 7:00 to 7:30 PM. Tracy said he called Willie's house and was told by Melissa that Willie had been arrested. Tracy said he was very shocked with this news.

Tracy said he did not think Willie had a drug or alcohol problem. Tracy said Willie's wife, Melissa, is his niece.

As instructed I located the pay phone at Turn Forks Liquor Store. The number was not available on this phone but there was a sign posted above indicating the owner of the pay phone. The owner was posted as Swin-Tel. Inc. (903) 854-2237. 1 also spoke with the owner of this liquor store. He indicated to me that he would probably allow someone to use the store if he knew him or her. The store phone number is (903) 852-6153 and the store address is 6947 FM 314.

I also went to Tip Top Liquor Store located north of Turn Forks on FM 315 approximately 1/2 mile. There was a pay phone at this location with the same ownership sign as the one mentioned above. The Tip Top Liquor Store's phone number is (903) 852-7490. I spoke with an employee, Robert Harmon. Harmon told me he knew Willie Beasley but did not know anything about the offense in question. He said he had heard a rumor about it.

As instructed I also measured the mileage from Willie's house to Fat Dogs Liquor Store. From the Victim's house to Turn Forks Liquor I measured 6.7 miles. From Turn Fork's, north on FM 315 to Hwy 311 measured 12.7 miles. From the intersection of Hwy 31 and FM 315 to Fat Dogs I measured approximately 19 miles. If Willie used this route from his residence to Fat Dogs he would have traveled approximately 38.4 miles.

As instructed I also ran a computer search on Eddie Pace to locate an address for him. I located an Eddie Roy Pace, RT.1 Box 210, LaRue, Texas 75770, TX DL#010253166, DOB 1-20-70, B/M, 5'11" tall, 275 pounds, black hair and black eyes. This was the only Eddie Pace who had an address in this area.

Luther Taliaferro, TPLI

Subscribed on this 7th day of January, 2005.

Notary Public

DONNA JOHNSON
Notary Public
STATE OF TEXAS
My Comm. Exp. 4-13-2006

Cause No. A-9192
AFFIDAVIT                    *Exhibit (B)*

                                                  *I*

**STATE OF TEXAS}**
**COUNTY OF SMITH}**

BEFORE ME, the under signed authority on this day the 3rd day of January, 2006 personally appeared Tom Perdue, who is known to be the person whose name is subscribed to the foregoing instrument and acknowledge to that the executed the same for the purpose and considered therein expressed:

My name is Tom Perdue; I am over twenty-one years old and of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

On the 8th day of March 1999, while waiting in the lobby of the Henderson County Courthouse I observed Det. Kay Langford fleeing from Judge Carter Terrance's Courtroom. Det. Kay Langford was the Chief Investigator in the case against Willie Donnell Beasley. I was standing in the lobby talking with another Potential witness for Willie I.E. Melissa Ann. Beasley, when this officer emerged from the Courtroom with a Vanilla Folder clenched to her chest fleeing from the Courtroom, also I have personnel knowledge that my friend Willie Donnell Beasley, was very dissatisfied with his attorney Teresa A. Drum in her performance before trial started.

It is also to my understanding that both Willie Beasley and his Attorney Teresa A. Drum, requested the Court to allow Beasley's Attorney to withdraw citing possible conflict of interest. The Court refused to allow Willie Donnell Beasley to dismiss his Attorney and appoint another attorney to represent him on his case.

This affidavit is being made freely and voluntarily. I understand that any and all false statements in this affidavit will subject me to penalties of perjury. I declare (or certify, verify or/state) under penalty of perjury that the foregoing is true and correct on this the 3rd day of January, 2006.

FURTHER, affiant sayeth not.

                                        _Tom Perdue_
                                        Tom Perdue
                                        3449 Iberville Dr.
                                        Tyler, Tx. 75701

**STATE OF TEXAS}**
**COUNTY OF SMITH}**

This instrument was acknowledged before me on the 3rd day of January, 2006 by Tom Perdue.

JOHN C. KING
Notary Public
STATE OF TEXAS
My Comm. Exp. 6-28-2007

Notary Public, in and for the State of Texas

CAUSE NUMBER: A-9192

EXPARTE                                    §    IN THE 173rd JUDICIAL
                                           §    DISTRICT COURT OF
WILLIE DONNELL BEASLEY                      §    HENDERSON COUNTY TEXAS

AFFIDAVIT

                                                *Exhibit (c)*
THE STATE OF TEXAS                                  *J*

COUNTY OF ANDERSON

        Before me, the undersigned authority, on this day personally appeared Willie, who being by me first duly sworn, upon oath stated the following:

        On March 8, 1999 I Willie Beasley did witness the lead investigator for the prosecution, detective Kay Langford tampering with the Jury Pool. After observing this incident I then and there informed my lawyer Tereas Drum of the matter And pointed out the person whom investigator Langford had spoken with. That person being Ms. Paula Hamlet. Also after informing my Lawyer of the matter, I took it upon myself to inform the Honorable Judge Jack Holland of what took place. Judge Holland did acknowledge receiving the information about the lead investigator having dealings with a member of the jury pool, and panel since this person was choosen to be a peer over me and Judge my case.

*1-7-06*

                                           *Willie W. Beasley*
                                           Willie D. Beasley

        I declare under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746;
Signed this _7th_ day of _Jan_____ 2006

                                           *Willie W. Beasley*
                                           Willie D. Beasley

Exhibit K

TYLER PAPER Sat. 1-5-2002

# Gun Barrel City Attorney Seeks 294th Court Spot

## By GARY LYNCH
### Staff Writer

Gun Barrel City Attorney Teresa Drum, a Republican, said her goal, if elected to the 294th District Court, is to increase the court's efficiency while reducing the time between filing a case and its final resolution.

Ms. Drum is running against Democratic incumbent Judge Tommy Wallace in Van Zandt County.

She also said she would like to implement a teen court and bring about strict compliance with the court's orders.

Ms. Drum, who has been in private practice since 1992, said she believes her experience in the hundreds of state and federal court cases has served to prepare her for office.

"I handle criminal, municipal, misdemeanor, juvenile and felony offenses, family law, constitutional, probate, bankruptcy and general civil litigation," she said. "I have appeared before the courts in Van Zandt, Henderson, Kaufman, Harris, Tarrant, Collin, Navarro, Anderson and Dallas counties in addition to being admitted to the United States District Court Northern and Eastern Districts of Texas."

Ms. Drum served as the city attorney and city prosecutor for Eustace from 1996 to 1999. Since July 1996 she has, and continues to serve as the prosecutor for the city of Seven Points.

The 49-year-old Ms. Drum said she has served as an arbitrator for the Better Business Bureau since 2001.

For a short time in 1993-1994, she worked for Baker, Brown and Dixon, a pro-technology personal injury law firm, in the pre-litigation department.

Before obtaining her law license in Nov. 1992, Ms. Drum was a crisis counselor for the Houston Police Department and the Texas Department of Human Resources (now known as the Texas Department of Protective and Regulatory Services).

She said she spent her time working with rape victims, victims of family violence and assisted police officers with death notifications.

According to Ms. Drum's biography, she received her bachelor's degree in psychology from North Texas State University and her juris doctorate from South Texas College of Law. Originally from Dallas, she is divorced and the mother of two sons. Ms. Drum is a member of the Lakeside Baptist Church and teaches a pre-teen Sunday school class.